**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11794
Non-Argument Calendar
_____

ROSE POPE,

*Plaintiff-Appellant,*

*versus*

FULTON COUNTY GOVERNMENT,

*Defendant-Appellee,*

FULTON COUNTY BOARD OF COMMISSIONERS, et al.,

*Defendants.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-05055-LMM
_____

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Rose Pope appeals the dismissal of her Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), and Family and Medical Leave Act ("FMLA") claims against the Fulton County Government ("Fulton County") at the summary judgment stage. Specifically, she argues that the district court erred when it held that Fulton County was not her employer for the purposes of her lawsuit. For the reasons discussed below, we affirm.[1]

## I.      FACTUAL AND PROCEDURAL HISTORY

Pope worked as an intake specialist for the Fulton County Juvenile Court's ("Juvenile Court") intake unit from 2015 to 2022. Her duties in this capacity included answering phone calls from police stations with juveniles in custody, entering juveniles' information into the court's electronic records system, and determining whether the juveniles could be detained. Pope, like other Juvenile Court intake specialists, was paid from Fulton County's coffers, worked in a Fulton County building and used a Fulton County key card to access that building, and was expected to comply with the Fulton County Standards of Conduct Policy and Procedure.

During her employment, Pope faced various health difficulties. In 2021, Pope was diagnosed with degenerative arthritis in her left knee, which required her to undergo knee replacement surgery. Pope was granted FMLA leave for that surgery in April 2021

---

[1] On November 18, 2025, Pope filed a motion to file a supplemental reply brief. We deny her motion as moot. *See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000).

and returned to work three months later.  Upon return, Pope requested, but was denied, disability accommodations.  In 2022, she was diagnosed again with degenerative arthritis, but this time for her right knee.  Pope requested FMLA leave for knee surgery in June 2022 and was approved to take leave from August 2022 to October 2022.

At the same time, Pope's employment record at the Juvenile Court was not perfect.  From at least March 2021, Pope's coworkers lodged complaints against her for passing off work to other intake specialists, and police officers reported that she was providing poor customer service.  Additionally, Pope exhibited rude and unprofessional behavior at work by yelling at or insulting other intake specialists.  Pope received a written warning about her behavior, but her supervisors eventually recommended that Pope's employment be terminated.  Pope's supervisors did not check whether Pope would be out on FMLA leave before submitting their recommendation to the Chief Judge of the Juvenile Court ("Chief Judge"), the final decisionmaker on whether Pope would remain employed.

On July 26, 2022, Pope received a termination letter stating that she violated the Fulton County Standards of Conduct Policy and Procedure by failing to perform her job responsibilities and by using offensive or objectionable words or actions.  The letter was printed on the Juvenile Court's letterhead and listed the names of the court's managers, including the Chief Judge.

On November 2, 2023, Pope, 62-years old and represented by counsel, filed a lawsuit against Fulton County, the Fulton County Board of Commissioners, and the Juvenile Court alleging violations of her rights under Title VII of the Civil Rights Act ("CRA"), the ADA, the ADEA, and the FMLA. On February 8, 2024, Pope filed an Amended Complaint removing her CRA claim and the Fulton County Board of Commissioners as a defendant.

On February 26, 2024, Pope filed a Second Amended Complaint, the operative complaint, asserting the same ADA, ADEA, and FMLA claims, but only against Fulton County. Specifically, Pope alleged that she was discriminated against because of her age, disability, and decision to take medical leave. Moreover, Pope alleged that she was retaliated against for her requests for disability accommodations and medical leave in violation of the ADA and FMLA.

On October 21, 2024, and after extensive fact discovery, Fulton County moved for summary judgment and primarily argued that it could not be held liable under the ADA, ADEA, and FMLA because it was not Pope's employer. As to Pope's specific claims, Fulton County argued that there were legitimate and non-discriminatory reasons for Pope's termination, such as her unprofessional conduct and poor performance.

In response to Fulton County's motion, Pope, through her counsel, argued that Fulton County employed her and provided four supporting documents. First, Pope produced a charge that she filed with the Equal Employment Opportunity Commission

("EEOC") against the "Fulton County Board of Commissioners/Juvenile Court House" and the corresponding right to sue notice sent by the EEOC to Fulton County. Second, Pope produced a copy of Fulton County's personnel policy, which required any Fulton County employee seeking a disability accommodation to contact the Fulton County Office of Diversity and Civil Rights Compliance. Third, Pope produced a property receipt for her Fulton County access card, which stated that the card was owned by the "Fulton County Government as the Fulton County Juvenile Court." And fourth, Pope produced her 2015 offer letter to work at the "Fulton County Juvenile Court" as an intake specialist. These documents, Pope argued, showed that Fulton County played some role as her employer.

On January 10, 2025, a magistrate judge issued a report and recommendation ("R&R") recommending that Fulton County's motion be granted because Fulton County was not Pope's employer—under either the "single employer" or "joint employer" tests articulated in *Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332 (11th Cir. 1999) (en banc) and *Peppers v. Cobb Cnty., Ga.*, 835 F.3d 1289 (11th Cir. 2016)—for the purposes of her ADA, ADEA, and FMLA claims.[2] According to the magistrate judge, the record indicated that Fulton County did not have the authority to terminate Pope's employment, engage in the adverse employment actions

---

[2] The magistrate judge did not conduct a full analysis of the third test enumerated in *Lyes* and *Peppers*, the "agency" test, because the issue was not raised, but concluded that it did not apply to Pope's circumstances.

she complained of, or otherwise control the conditions of employment for Pope and other intake specialists working at the Juvenile Court. Because the magistrate judge dismissed her discrimination and retaliation claims on this ground, the magistrate judge withheld judgment on the remainder of Pope's claims.

On February 7, 2025, Pope, through her counsel, objected to the R&R and argued that the magistrate judge erred by not considering Fulton County and the Juvenile Court as joint employers. Pope's objection did not dispute the dismissal of her retaliation claims and explicitly conceded that she was not asserting a "single employer" theory of employment liability.

On April 22, 2025, the district court overruled Pope's objection, adopted the R&R in full, and granted Fulton County's motion.

Pope, now proceeding pro se, filed this timely appeal.

## II.    STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo. *Ismael v. Roundtree*, 161 F.4th 752, 758 (11th Cir. 2025). In doing so, we view all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. *Id.* A court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)). There is no genuine issue of material fact when a rational trier of fact cannot find for the non-moving party based on the record. *Id.*

25-11794                Opinion of the Court                7

### III.    ANALYSIS

In our liberal construction of Pope's pro se appellate briefs, her argument is easily deciphered.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  At bottom, she argues that the district court erred in concluding that Fulton County was not her employer for the purposes of ADA, ADEA, and FMLA liability.[3]  More specifically, and because this was the only issue raised in Pope's objection to the R&R, we interpret her argument to be that although Pope worked directly in the Juvenile Court, Fulton County acted as a "joint employer," and thus, is exposed to liability for the alleged misconduct.[4]  But nothing in the record before us supports Pope's position.

To determine whether an entity is an individual's employer, we may "look beyond the nominal independence of an entity and ask whether two or more ostensibly separate entities should be

---

[3] The district court may have erred by dismissing Pope's retaliation claims on this same basis.  *See Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1167–68 (11th Cir. 2003) ("[T]he anti-retaliation provision [of the ADA] … imposes a correlative duty on *all individuals* to refrain from such conduct.") (emphasis added).  *Compare* 42 U.S.C. § 12112 ("Discrimination"), and 29 U.S.C. § 2615(a), *with* 42 U.S.C. § 12203 ("Prohibition against retaliation and coercion"), and 29 U.S.C. § 2615(b).  But because Pope does not raise this argument on appeal, we do not address it.  *Timson*, 518 F.3d at 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned").

[4] *See* 11th Cir. R. 3-1 ("A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]").

treated as a single, integrated enterprise when determining whether" an entity is "a plaintiff's 'employer.'" *Lyes*, 166 F.3d at 1341. One such test used to determine employer-status is the "joint employer" test. *Id.*

Two entities are considered "joint employers" when they "contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees." *Id.* In applying the joint-employer test to "governmental subdivisions," "we must remain mindful of the state's expressed determination that the agencies and subdivisions of government are divided and separated." *Peppers*, 835 F.3d at 1299.

Here, we conclude that according to Georgia law, Fulton County does not retain any "control over the terms and conditions of" Pope's employment. Georgia's State Constitution establishes the Juvenile Court as a separate governmental entity vested with the judicial power of the state. *See* Ga. Const. of 1983, Art. VI, Sec. I, Par. 1; Official Code of Georgia Annotated ("O.C.G.A.") § 15-11-50. Though Juvenile Court employees can be paid out of Fulton County's funds, the Chief Judge of the Juvenile Court has the authority to appoint clerks and any other personnel necessary and determine the salary, tenure, compensation and conditions of employment for those employees. *See* O.C.G.A. § 15-11-63. Relevant here, "any employee of the [Juvenile Court] may be removed for cause by" the Chief Judge, which is exactly what happened in Pope's circumstance. *See id.* Essentially, the Chief Judge alone

"fill[s] nearly all of the roles traditionally filled by an employer." *Peppers*, 835 F.3d at 1300. Indeed, Georgia's Constitution explicitly prohibits Fulton County from taking "[a]ction affecting any court or the personnel thereof." *See* Ga. Const. of 1983, Art. IX, Sec. II, Par. 1(c). Fulton County and the Juvenile Court, thus, are not joint employers such that Fulton County can be held liable for the alleged misconduct. *See Lyes*, 166 F.3d at 1341.

Pope nevertheless argues in her briefing on appeal that her payroll records, the EEOC charge, an unemployment appeal decision, and "FMLA Documentation" show that Fulton County employed her. As an initial matter, the payroll records, unemployment appeal decision, and FMLA Documentation were not part of the record before the district court, so we do not consider them. *Selman v. Cobb Cnty. Sch. Dist.*, 449 F.3d 1320, 1332 (11th Cir. 2006) ("In deciding issues on appeal we consider only evidence that was part of the record before the district court."). As for Pope's EEOC charge, even when read in the light most favorable to her, neither the Fulton County Board of Commissioners nor the Juvenile Court is the same as the Fulton County entity sued in the present lawsuit, especially considering both were removed as defendants from Pope's operative complaint. Instead, the record and Georgia law establish that Fulton County was not Pope's employer even though it "provided paymaster, administrative, and budgetary functions" for the Juvenile Court. *See Peppers*, 835 F.3d at 1301. Nor can Fulton County be aggregated with the Juvenile Court under the joint-employer theory. *See id.* Thus, Pope's efforts to show that Fulton County determined the essential terms and conditions

of her employment fall short of presenting a dispute of material fact.

## IV.    CONCLUSION

For all these reasons, we conclude that the district court did not err in its determination that Fulton County was not Pope's employer.  We thus affirm the district court's judgment dismissing Pope's discrimination claims.

**AFFIRMED.**